**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | **Civil Action No. 07-CV-8851** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **(ECF CASE)** |
| | ) | |
| **NORTEL NETWORKS CORPORATION and** | ) | |
| **NORTEL NETWORKS LIMITED,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## PLAINTIFF'S MOTION TO APPOINT
## <u>DAMASCO & ASSOCIATES LLP AS TAX ADMINISTRATOR</u>

Plaintiff United States Securities and Exchange Commission (the "Commission") respectfully requests that this Court enter an Order appointing Damasco & Associates LLP, a certified public accounting firm located in San Francisco, California, as tax administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case.

On October 24, 2007, the Court entered a Final Judgment as to defendants Nortel Networks Corporation and Nortel Networks Limited pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to the Final Judgment, on October 30, 2007, Nortel Networks Corporation paid a total of $35,000,001 to the Clerk of the Court, which amount represents $35,000,000 in civil penalties and $1 in disgorgement. On November 6, 2007, these amounts were deposited into an interest bearing account in the Court Registry Investment System ("CRIS") for this Court, receipt number 631570, under the case name designation "<u>United State[s] Securities and Exchange Commission v. Nortel Networks Corporation et al.</u>" (the "Distribution Fund").

The Distribution Fund constitutes a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.  A tax administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions.  The tax administrator would cause the Distribution Fund to pay taxes in a manner consistent with treatment of the Distribution Fund as a QSF.

The reasonable costs, fees, and other expenses incurred in the performance of the tax administrator's duties would be paid by the Distribution Fund in accordance with the agreement between the Commission and Damasco & Associates.  In summary, this agreement provides for compensation for services and expenses as follows:

| SERVICE | FIXED FEE |
|---------|-----------|
| Income tax returns, including items 1-6 (below). | $1675 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less or are open and closed within the same calendar year. | $850 |
| Loss Carryback (claim for refund) returns. | $550 |

Fixed fee tax compliance services include:[1]

    1.      obtaining a federal tax identification number ("FEIN") for the QSF;

---

[1]    These fixed fees include all copying and routine postage expenses.  They also include any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges.  Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended long distance telephone conferences and extended reports.  Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

2.      preparing and filing federal and state income tax returns, as required;

3.      where required, calculating quarterly estimated tax payments and providing information to the Court so that payments may be made timely;

4.      making arrangements with the Commission or its agents to pay tax liability;

5.      calculating and recommending retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes; and

6.      determining and complying with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Dated:  November 26, 2007                    Respectfully submitted,

**_/s/ Vincente L. Martinez_**
Suzanne J. Romajas (SR-4531)
Vincente L. Martinez (VM-5239)
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Tel:  202-551-4547 (Martinez)
Fax:  202-772-9231 (Martinez)
E-mail:  martinezv@sec.gov

Attorneys for Plaintiff